UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

BUREAU OF CONSUMER
FINANCIAL PROTECTION,

    Plaintiff,

v.

FORSTER & GARBUS, LLP

    Defendant.

_____

Civil Action No. 2:19-cv-02928-SJF-ARL

**FORSTER & GARBUS, LLP'S ANSWER TO COMPLAINT**

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant FORSTER & GARBUS, LLP's ("Defendant") submits the following Answer and Affirmative Defenses to the Plaintiff's Bureau of Consumer Financial Protection:

**RESPONSE TO PARAGRAPH 1 OF THE COMPLAINT:** This is not an allegation of fact but a statement of purpose by Plaintiff, but to the extent there is any implication of liability of Defendant, it is DENIED.

**RESPONSE TO PARAGRAPH 2 OF THE COMPLAINT:** Defendant DENIES the allegation as stated, except ADMITS that it employs non-attorney support staff.

**RESPONSE TO PARAGRAPH 3 OF THE COMPLAINT:** DENIED.

**RESPONSE TO PARAGRAPH 4 OF THE COMPLAINT:** This is a conclusion of law, which Defendant neither admits nor denies, and leaves Plaintiff to its proofs.

**RESPONSE TO PARAGRAPH 5 OF THE COMPLAINT:** This is a conclusion of law, which Defendant neither admits nor denies, and leaves Plaintiff to its proofs.

**RESPONSE TO PARAGRAPH 6 OF THE COMPLAINT:** The allegations in Paragraph 6 of the Complaint are legal conclusions to which no response is required.

**RESPONSE TO PARAGRAPH 7 OF THE COMPLAINT:** Defendant ADMITS only that the Defendant maintains its headquarters and principal place of business in this jurisdiction and that Defendant's practice involves representation of clients that are owed debts. Defendant DENIES the remaining allegations of Paragraph 7 as legal conclusions to which no response is required.

**RESPONSE TO PARAGRAPH 8 OF THE COMPLAINT:** Defendant ADMITS only that Defendant's practice involves representation of clients that are owed debts. Defendant DENIES the remaining allegations of Paragraph 8.

**RESPONSE TO PARAGRAPH 9 OF THE COMPLAINT:** As phrased, Paragraph 9 of the Complaint is vague and ambiguous, capable of multiple interpretations and is therefore DENIED as stated, except that Defendant ADMITS that it employs attorneys.

221909162
ClarkHill\58331\388042\221949459.v1-7/16/19

**RESPONSE TO PARAGRAPH 10 OF THE COMPLAINT:** As phrased, Paragraph 10 of the Complaint is vague and ambiguous, capable of multiple interpretations and is therefore DENIED as stated except Defendant ADMITS that its clients have placed accounts with the firm for legal representation in connection therewith.

**RESPONSE TO PARAGRAPH 11 OF THE COMPLAINT:** Defendant ADMITS only that its clients provide it with detailed and thorough information regarding the facts giving rise to the potential lawsuits that are considered by Defendant for filing. Defendant DENIES the remaining allegations of Paragraph 11.

**RESPONSE TO PARAGRAPH 12 OF THE COMPLAINT:** DENIED.

**RESPONSE TO PARAGRAPH 13 OF THE COMPLAINT:** DENIED.

**RESPONSE TO PARAGRAPH 14 OF THE COMPLAINT:** As phrased, Paragraph 14 of the Complaint is vague and ambiguous, capable of multiple interpretations, and therefore is DENIED as stated, except Defendant ADMITS it has filed lawsuits on behalf of clients who are owed legitimate debts.

**RESPONSE TO PARAGRAPH 15 OF THE COMPLAINT:** Defendant ADMITS that every lawsuit filed by Defendant bore the names and signatures of attorneys employed with the Defendant and licensed to practice law in the State of New York in accordance with New York law. Defendant DENIES the remainder of Paragraph 15.

**RESPONSE TO PARAGRAPH 16 OF THE COMPLAINT:** Defendant ADMITS that it utilizes sophisticated and detailed computer programs under the supervision of attorneys to support the efforts of its licensed attorneys to make certain that the lawsuits it files are warranted by existing law, the factual contentions have evidentiary support, and are not subject to any statutory bars to prosecution. Defendant DENIES the remainder of Paragraph 16.

**RESPONSE TO PARAGRAPH 17 OF THE COMPLAINT:** Defendant ADMITS that the Firm utilized non-attorney support staff to assist the Firm's attorneys in non-judicial resolution of valid claims under proper supervision by attorneys and DENIES the remainder of Paragraph 17.

**RESPONSE TO PARAGRAPH 18 OF THE COMPLAINT:** DENIED.

**RESPONSE TO PARAGRAPH 19 OF THE COMPLAINT:** Defendant ADMITS that it utilizes sophisticated and detailed computer programs under supervision of attorneys to support the efforts of its licensed attorneys to make certain that the lawsuits it files are warranted by existing law, the factual contentions have evidentiary support, and are not subject to any statutory bars to prosecution. Defendant DENIES the remainder of Paragraph 19.

**RESPONSE TO PARAGRAPH 20 OF THE COMPLAINT:** As phrased, Paragraph 20 of the Complaint is vague and ambiguous, capable of multiple interpretations, and therefore is DENIED as stated, except Defendant ADMITS that

4

files that meet the review criteria are sent for further review to one of Forster & Garbus's partners, Mark Garbus, for additional review.

**RESPONSE TO PARAGRAPH 21 OF THE COMPLAINT**:  Defendant DENIES the allegations of Paragraph 21, except Defendant ADMITS that, in addition to each individual attorney's independent professional judgment, Defendant utilizes computer software under proper supervision by attorneys to support and ensure that the lawsuits filed are warranted by existing law, the factual contentions have evidentiary support and are not subject to any statutory bars to prosecution.

**RESPONSE TO PARAGRAPH 22 OF THE COMPLAINT:**  Defendant ADMITS that Garbus reviews accounts for potential suit, but DENIES the remainder of the allegation as stated.

**RESPONSE TO PARAGRAPH 23 OF THE COMPLAINT:**  ADMIT.

**RESPONSE TO PARAGRAPH 24 OF THE COMPLAINT:**  ADMIT.

**RESPONSE TO PARAGRAPH 25 OF THE COMPLAINT:**  Defendant lacks information and belief as to which former associate is referenced, and further finds the allegations in Paragraph 25 to be unintelligible as based on hypothetical and non-factual language, and therefore DENIES the allegation as stated.

**RESPONSE TO PARAGRAPH 26 OF THE COMPLAINT:**  DENIED.

**RESPONSE TO PARAGRAPH 27 OF THE COMPLAINT:**  DENIED.

**RESPONSE TO PARAGRAPH 28 OF THE COMPLAINT**:  Defendant ADMITS that its clients provide it with detailed and thorough information regarding the facts giving rise to the potential lawsuits that are considered by Defendant for filing in order to evaluate and determine whether a lawsuit is warranted by existing law, the factual contentions have evidentiary support and are not subject to any statutory bars to prosecution. Defendant DENIES the remaining allegations of Paragraph 28.

**RESPONSE TO PARAGRAPH 29 OF THE COMPLAINT:**  As phrased, Paragraph 29 of the Complaint is vague and ambiguous, capable of multiple interpretations and is therefore DENIED as stated except Defendant ADMITS that it filed lawsuits in 2014.

**RESPONSE TO PARAGRAPH 30 OF THE COMPLAINT:**  As phrased, Paragraph 30 of the Complaint is vague and ambiguous, capable of multiple interpretations and is therefore DENIED as stated except Defendant ADMITS that it filed lawsuits in 2015.

**RESPONSE TO PARAGRAPH 31 OF THE COMPLAINT:**  As phrased, Paragraph 31 of the Complaint is vague and ambiguous, capable of multiple interpretations and is therefore DENIED as stated except Defendant ADMITS that it filed lawsuits in 2016.

**RESPONSE TO PARAGRAPH 32 OF THE COMPLAINT:**  Defendant lacks information and belief as to which former associate is referenced, and further finds the

allegations in Paragraph 32 to be vague and ambiguous, capable of multiple interpretations and is therefore DENIED as stated.

**RESPONSE TO PARAGRAPH 33 OF THE COMPLAINT:** Defendant ADMITS that it has filed lawsuits to collect debts lawfully owed to others as alleged.

**RESPONSE TO PARAGRAPH 34 OF THE COMPLAINT:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore Defendant DENIES the allegations of paragraph 34 for lack of knowledge or information sufficient to form a belief.

**RESPONSE TO PARAGRAPH 35 OF THE COMPLAINT:** Paragraph 35 does not contain any allegations. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore Defendant DENIES the allegations of paragraph 35 for lack of knowledge or information sufficient to form a belief.

**RESPONSE TO PARAGRAPH 36 OF THE COMPLAINT:** DENIED.

**RESPONSE TO PARAGRAPH 37 OF THE COMPLAINT:** Paragraph 37 does not contain any allegations. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore Defendant DENIES the allegations of paragraph 37 for lack of knowledge or information sufficient to form a belief.

221909162
ClarkHill\58331\388042\221949459.v1-7/16/19

**RESPONSE TO PARAGRAPH 38 OF THE COMPLAINT:** Paragraph 38 states allegations that are not related in any way to the conduct of the Defendant. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore Defendant DENIES the allegations of paragraph 38 for lack of knowledge or information sufficient to form a belief.

**RESPONSE TO PARAGRAPH 39 OF THE COMPLAINT:** DENIED.

**RESPONSE TO PARAGRAPH 40 OF THE COMPLAINT:** DENIED.

**RESPONSE TO PARAGRAPH 41 OF THE COMPLAINT:** DENIED as stated, except Defendant ADMITS that its attorneys review and sign pleadings to ensure that lawsuits are warranted by existing law, the factual contentions have evidentiary support and are not subject to any statutory bars to prosecution.

**RESPONSE TO PARAGRAPH 42 OF THE COMPLAINT:** Defendant ADMITS that its attorneys are actively engaged in the practice of law in the State of New York pursuant to New York law and professional responsibility and ethical requirements. Defendant DENIES the remainder of Paragraph 42.

**REPONSE TO PARAGRAPH 43 OF THE COMPLAINT:** Defendant ADMITS that its attorneys are actively engaged in the practice of law in the State of New York pursuant to New York law and professional and ethical requirements. Defendant DENIES the remainder of Paragraph 43.

**RESPONSE TO PARAGRAPH 44 OF THE COMPLAINT:** Defendant ADMITS that its attorneys are actively engaged in the practice of law in the State of New York pursuant to New York law and professional and ethical requirements and have signed complaints. Defendant DENIES the remainder of Paragraph 44.

**RESPONSE TO PARAGRAPH 45 OF THE COMPLAINT:** Defendant ADMITS that its attorneys are actively engaged in the practice of law in the State of New York pursuant to New York law and professional and ethical requirements and have signed complaints. Defendant DENIES the remainder of Paragraph 45.

**RESPONSE TO PARAGRAPH 45 OF THE COMPLAINT:** Defendant ADMITS that its attorneys are actively engaged in the practice of law in the State of New York pursuant to New York law and professional and ethical requirements. Defendant DENIES the remainder of Paragraph 45.

## Count I

### Defendant's Violations of the FDCPA

### (Filing Deceptive Collection Suits)

**RESPONSE TO PARAGRAPH 47 OF THE COMPLAINT:** Defendant incorporates their responses to paragraphs 1-46 of this Complaint.

**RESPONSE TO PARAGRAPH 48 OF THE COMPLAINT:** DENIED, except ADMITS that Defendant's attorneys have signed complaints and pleadings.

221909162
ClarkHill\58331\388042\221949459.v1-7/16/19

**RESPONSE TO PARAGRAPH 49 OF THE COMPLAINT:** DENIED. By way of a further response, the allegations in Paragraph 49 of the Complaint are legal conclusions to which no response is required.

**RESPONSE TO PARAGRAPH 50 OF THE COMPLAINT:** Defendant states that the regulation and statutes speak for themselves and DENIES any allegations contained in Paragraph 50 of the Complaint inconsistent therewith. Defendant DENIES any remaining allegations contained in paragraph 50 of the Complaint as conclusions of law.

**RESPONSE TO PARAGRAPH 51 OF THE COMPLAINT:** DENIED. By way of a further response, the allegations in Paragraph 51 of the Complaint are legal conclusions to which no response is required.

## Count II

### Defendant's Violations of the CFPA

### (Filing Deceptive Collection Suits)

**RESPONSE TO PARAGRAPH 52 OF THE COMPLAINT:** Defendant reincorporates its responses to paragraphs 1-51 of this Complaint.

**RESPONSE TO PARAGRAPH 53 OF THE COMPLAINT:** Defendant states that the regulation and statutes speak for themselves and DENIES any allegations contained in Paragraph 53 of the Complaint inconsistent therewith. Defendant DENIES

any remaining allegations contained in paragraph 53 of the Complaint as conclusions of law.

**RESPONSE TO PARAGRAPH 54 OF THE COMPLAINT:** DENIED. By way of a further response, the allegations in Paragraph 54 of the Complaint are legal conclusions to which no response is required.

### Count III
### Defendant's Deceptive Acts and Practices in Violation of the CFPA
### (Filing Deceptive Collection Suits)

**RESPONSE TO PARAGRAPH 55 OF THE COMPLAINT:** Defendant incorporates its responses to paragraphs 1-54 of this Complaint.

**RESPONSE TO PARAGRAPH 56 OF THE COMPLAINT:** DENIED. By way of a further response, the allegations in Paragraph 56 of the Complaint are legal conclusions to which no response is required.

**RESPONSE TO PARAGRAPH 57 OF THE COMPLAINT:** DENIED. By way of a further response, the allegations in Paragraph 57 of the Complaint are legal conclusions to which no response is required.

**RESPONSE TO PARAGRAPH 58 OF THE COMPLAINT:** DENIED. By way of a further response, the allegations in Paragraph 58 of the Complaint are legal conclusions to which no response is required.

**RESPONSE TO PARAGRAPH 59 OF THE COMPLAINT:** Defendant states that the regulation and statutes speak for themselves and DENIES any allegations

contained in Paragraph 59 of the Complaint inconsistent therewith. Defendant DENIES any remaining allegations contained in paragraph 59 of the Complaint as conclusions of law.

**RESPONSE TO PARAGRAPH 60 OF THE COMPLAINT:** DENIED. By way of a further response, the allegations in Paragraph 60 of the Complaint are legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE

2. Plaintiff's Complaint does not meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

### THIRD DEFENSE

3. The claims in the Complaint are barred by applicable statute of limitations and also barred by any and all jurisdictional limitations imposed on the Bureau as to nonbanks, including but not limited to those provided for in subtitle F of the CFPA.

### FOURTH DEFENSE

4. Plaintiff's Complaint violates the Commerce Clause of the Constitution of the United States.

**FIFTH DEFENSE**

5. Plaintiff's Complaint violates the First and Fifth Amendment right of access to the courts.

**SIXTH DEFENSE**

6. Plaintiff's Complaint violates the Due Process Clause of the Fifth and Fourteenth Amendments.

**SEVENTH DEFENSE**

7. Plaintiff's Complaint violates the Equal Protection principle embodied in the Due Process Clause of the Fifth and Fourteenth Amendments.

**EIGHTH DEFENSE**

8. Plaintiff's Complaint violates the First Amendment right to petition the government.

**NINTH DEFENSE**

9. Plaintiff's has exceeded the authority granted to it under the Consumer Financial Protection Act, including by attempting to regulate the practice of law in violation of the practice-of-law exclusion of 12 U.S.C. § 5517(e).

**TENTH DEFENSE**

10. Any error on the part of Defendant, which is specifically not admitted by way of the affirmation of this defense, was not intentional and instead, was the product of a bona fide effort to ensure the accuracy of Defendant's activities in connection with

filing and prosecuting lawsuits in New York state courts.

## ELEVENTH DEFENSE

11.     Defendant acted with extensive good-faith policies and procedures designed to ensure the accuracy of Defendant's filings in connection with lawsuits filed in New York state courts.

## TWELVTH DEFENSE

12.     Defendant complied with all of legal and ethical obligations when filing and prosecuting lawsuits in the State Court of New York.

## THIRTEENTH DEFENSE

13.     Plaintiff has no authority to regulate Defendant's conduct when it comes to filing complaints and other papers in New York state courts, which are activities that the practice-of-law exclusion bars Plaintiff from regulating. *See* 12 U.S.C. § 5517(e). Defendant was at all times engaged in the practice of law.  There is no private cause of action for alleged violations of the rules of professional responsibility, which at all times were complied with by Defendant.

## FOURTEENTH DEFENSE

14.     The Plaintiff cannot prove consumer injury, stemming from any of the allegations against Defendant identified in the Complaint.

## FIFTEENTH DEFENSE

15.     The claims in the Complaint are barred by the doctrine of laches.

## SIXTEENTH DEFENSE

16.     The claims in the Complaint are barred by the doctrines of estoppel or waiver.

## SEVENTEENTH DEFENSE

17.     The complaint was filed in bad faith, without factual or legal basis, in violation of Rule 11 of the Federal Rules of Civil Procedure.

## EIGHTEENTH DEFENSE

18.     Defendant gives notice that they may rely upon other and further defenses as may become available or apparent during discovery and hereby reserves their right to amend their answer to any such further defense.

## NINETEENTH DEFENSE

19.     Defendant affirmatively alleges, in the alternative, that any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**WHEREFORE**, Defendant respectfully requests that this Court:

1.     Dismiss the Plaintiff's complaint in its entirety and with prejudice:

2.     Award the Defendant its costs and reasonable attorney fees to the fullest extent allowed by law and as appropriate; and

3.     Award the Defendant such other and further relief to which Defendant may

be entitled in equity or at law, or that the Court may deem just and equitable.

Date: July 16, 2019							Respectfully submitted,
								**CLARK HILL PLC**

						By:	*/s/Bradford G. Hughes*
							Bradford G. Hughes
							*ADMITTED PRO HAC VICE*
							CLARK HILL PLC
							1055 West Seventh Street, Suite 2400
							Los Angeles, CA 90017
							Tel: (213) 417-5107 Fax: (213) 488-1178
							Email:  bhughes@clarkhill.com

								**CLARK HILL PLC**

						By:	*/s/Steven Richman*
							Steven Richman
							CLARK HILL PLC
							830 Third Avenue, Suite 200
							New York, NY 10022
							Tel: (646) 395-8580 Fax:(646) 395-8700
							Email:  srichman@clarkhill.com

								**CLARK HILL PLC**

						By:	*/s/Joann Needleman*
							Joann Needleman
							*PRO HAC VICE (PENDING)*
							CLARK HILL PLC
							One Commerce Square
							2005 Market St, Suite 1000
							Philadelphia, PA 19103
							Tel: (215) 640-8536 Fax: (215) 640-8501
							Email: jneedleman@clarkhill.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION, | |
| Plaintiff, | Civil Action No. 2:19-cv-02928-SJF-ARL |
| v. | |
| FORSTER & GARBUS, LLP | **FORSTER & GARBUS, LLP'S ANSWER TO COMPLAINT** |
| Defendant. | |

_____

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the Defendant's, Forster & Garbus, LLP, foregoing Answer to the Plaintiff's Complaint with Affirmative Defenses is being served by electronic service through the filing of this document electronically through ECF upon all attorneys of record.

Alanna Gayle Buchanan Carbis
Consumer Financial Protection Bureau
Office of Enforcement
1700 G Street, NW
Washington, DC 20552
alanna.carbis@cfpb.gov

Barry E. Reiferson
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
barry.reiferson@cfpb.gov

Hai Binh Nguyen
Consumer Financial Protection Bureau
1700 G St NW
Washington, DC 20552
202-435-7251
haibinh.nguyen@cfpb.gov

Date: July 16, 2019

Respectfully submitted,

**CLARK HILL PLC**

By: /s/*Bradford G. Hughes*
Bradford G. Hughes
*ADMITTED PRO HAC VICE*
CLARK HILL PLC
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Tel: (213) 417-5107 Fax: (213) 488-1178
Email: bhughes@clarkhill.com

**CLARK HILL PLC**

By: /s/*Steven Richman*
Steven Richman
CLARK HILL PLC
830 Third Avenue, Suite 200
New York, NY 10022
Tel: (646) 395-8580 Fax:(646) 395-8700
Email: srichman@clarkhill.com

**CLARK HILL PLC**

By: /s/*Joann Needleman*
Joann Needleman
*PRO HAC VICE (PENDING)*
CLARK HILL PLC
One Commerce Square
2005 Market St, Suite 1000
Philadelphia, PA 19103
Tel: (215) 640-8536 Fax: (215) 640-8501
Email: jneedleman@clarkhill.com

221909162
ClarkHill\58331\388042\221949459.v1-7/16/19