# CLARK HILL

Joann Needleman
T  215-640-8536
F  215.640.8501
Email:  jneedleman@clarkhill.com
Bio:  www.clarkhill.com/people/joann-needleman

Clark Hill PLC
Two Commerce Square
2001 Market Street
Suite 2620
Philadelphia, PA 19103-7041
T  215.640.8500
F  215.640.8501

**clarkhill.com**

July 8, 2020

**(VIA ECF)**
Honorable Sandra J. Feuerstein, U.S.D.J.
The United States District Court
 for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      Re:    Bureau of Consumer Financial Protection v. Forster & Garbus, LLP
             U.S.D.C. Case No. 2:19-cv-02928-SJF-ARL

Dear Judge Feuerstein:

      Clark Hill PLC (Clark Hill) is counsel to the Defendant, Forster & Garbus. LLP ("F&G") in the above matter. We object to the Bureau of Consumer Financial Protection's (CFPB) "Letter Motion" to the Court dated June 6, 2020  that seeks to re-open this matter, which has been administratively closed pursuant to the Court's Order dated October 15, 2019 [1]  pending the decision by the United States Supreme Court in the *CFPB v. Seila Law* [2]. Now that *Seila* has been decided, the CFPB suggests that the Court's holding along with the ratification by the Director affirming her decision to bring this enforcement action against F&G permits the case to move forward and be restored. F&G disagrees. *Seila* does not dictate such a conclusion. Furthermore, the Director's ratification does nothing to cure the constitutional deficiency that currently exists in this case.

      Consequently, F&G requests that this Court issue a briefing schedule to allow the parties an opportunity to fully argue their legal positions prior to the entry of any order or continue the administrative hold on this case until the Supreme Court decides the appropriate remedy. [3]

---

[1] ( "Case is closed with leave to restore on 10 days [sic] notice in no event later than 4/22/2020."),
[2] __U.S._____(2020), 2020 WL 3492641, June 29, 2020
[3] In addition to seeking an opportunity to brief these issues, F&G also respectfully notes that on January 27, 2020, it sought a request for a Rule 16 conference to address the CFPB's willful conduct in contacting witnesses while the case was administratively closed.   If this matter is to be reopened, then that issue also needs to be addressed.

**Hon. Sandra J. Feuerstein, U.S.D.J.**
Page 2

The CFPB's analysis of *Seila* is simplistic and ignores the holding in the case. The Supreme Court made two findings: (1) that an independent agency led by a single Director who can only be fired for cause violated the separation of powers and was unconstitutionally structured; and (2) that the for-cause provision of Dodd-Frank, 12 U.S.C. 5491(c)(3), be severed from the remainder of the statute. The Court specifically and intentionally stopped short and expressly declined an "appropriate remedy" for a party who is a target of an enforcement action that was initiated when the Director was unconstitutionally insulated. That remedy, the Court found, is better left for the lower courts to decide. See, *Seila* at *20. In the case of *Seila*, there was a specific issue as to whether the prior investigation was validly ratified by prior Acting Director Mulvaney. Not only are those facts not present here, but this matter was commenced in May 2019 by Director Kraninger, who by her own admission and now the Court's holding, lacked the constitutional authority to act at that time. However the issue of ratification will be specifically addressed by the 9th Circuit and it may be prudent to stay this matter pending that decision.

The CFPB's claim of ratification as a cure of the constitutional infirmity lacks legal and factual support. The CFPB's reliance on *CFPB v. Gordon*, 819 F.3d 1179 (9th Cir. 2016) and *FEC v. Legi-Tech, Inc*. 75 F.3d 704 (D.C. 1996) is not factually applicable and distinguishable from the circumstances in this present case. As noted by the Supreme Court in *FEC v. NRA Political Victory Fund*, 513 U.S. 88 (1994), it "is essential that the party ratifying" was able "to do the act ratified at the time the act was done". *Id*. at 98.

Importantly, the case of *Collins v. Mnunchin*, 938 F.3d 553 (5th Cir. 2019) remains pending before the United States Supreme Court and, like *Seila*, focuses on the single director structure of FHFA. *Collins* was set for conference by the Supreme Court on July 1, 2020 but no decision has been issued as to whether certiorari will be granted. This case has direct bearing on the issues here and not necessarily resolved by *Seila*. The questions presented to the Supreme Court in *Collins* are as follows:

> (1) Whether the Federal Housing Finance Agency's structure violates the separation of powers; and
>
> (2) whether the court **must set aside a final agency action that FHFA took when it was unconstitutionally structured** and strike down the statutory provisions that make FHFA independent. [Emphasis added].

Thus, the issue of a remedy for a single director agency structure may be decided by the Supreme Court in the very near future and warrants a stay of these current proceedings.

In sum, F&G respectfully requests that the Court not enter the CFPB's proposed order

**Hon. Sandra J. Feuerstein, U.S.D.J.**
Page 3

restoring this case until the parties are given an opportunity to fully brief their respective positions or consider a stay of proceedings pending a decision by the Supreme Court with regard to the appropriate remedy in light of the constitutional violations.

      Thank you for your attention to this matter

Very Truly Yours,
**CLARK HILL, PLC**

Joann Needleman, Esq.
Steve M. Richman, Esq.
Bradford Hughes. Esq.

/JN
Enc.
Cc:    Alanna B. Carbis, Esq.
        Barry E. Reiferson, Esq.
        Hai Binh Nguyen, Esq.
        Kristin Batemen, Esq.
        Lane C. Powell, Esq.