## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>Plaintiff,<br><br>v.<br><br>FORSTER & GARBUS, LLP<br><br>Defendant. | **Civil Action No.**<br>2:19-cv-02928-SJF-ARL<br><br><br>**FORSTER & GARBUS, LLP'S RESPONSE TO THE PLAINTIFF'S MOTION FOR RECONSIDERATION** |

### I.      INTRODUCTION

Defendant, Forster & Garbus, LLP ("F&G") respectfully submits its response to the Plaintiff's Motion for Reconsideration of this Court's order dated August 11, 2020 which denied the Bureau of Consumer Financial Protection's ("CFPB" or "Bureau") Letter Motion to reopen the above-mentioned case without prejudice with leave to renew following the Supreme Court's decision in *Collins v. Mnuchin*. For the reasons set forth herein, the CFPB's Motion for Reconsideration must be denied.

### II.      PROCEDURAL BACKGROUND

On October 15, 2019, while *Seila Law LLC v. CFPB* was pending before the United States Supreme Court, this Court closed the above-captioned matter with "leave to restore on 10 days' notice but in no event later than 4/22/2020." (ECF No. 23). The deadline to restore the case was extended twice by consent of the parties when the Supreme Court had yet to render a decision (ECF No. 25, 28) with the Court noting that the consent to the extension would not "otherwise waive any party's right to oppose a request for leave to restore at the time it is filed." *Id*.  On June

29, 2020, the Supreme Court held in *Seila Law* that: (1) that an independent agency led by a single Director who can only be fired for cause violated the separation of powers and was unconstitutionally structured; and (2) that the for-cause provision of Dodd-Frank, 12 U.S.C. 5491(c)(3), be severed from the remainder of the statute.

On July 6, 2020, the CFPB filed a Letter Motion to the Court seeking that the matter be re-opened. (ECF No. 29). Pursuant to Local Rule 6.1.(b), responses to a Letter Motion "shall be served within fourteen days after service of the moving papers, and…any reply affidavits and memoranda of law shall be served within seven days after service of the answering papers." On July 8, 2020, F&G responded to the Letter Motion. (ECF NO. 30). Subsequently, on July 9, 2020, F&G filed a supplement to its response. (ECF NO. 31). The CFPB did not file a reply to F&G's response or supplement to response. On August 11, 2020, this Court denied the CFPB's Letter Motion to Reopen without prejudice to renew within ten (10) days after the Supreme Court issues its decision in *Mnuchin v. Collins*, No. 19-563, but in no event later than July 12, 2021.

## III.   ARGUMENT

### A.   Standard of Review

In order to prevail on a motion for reconsideration, the moving party "must demonstrate that the Court overlooked controlling decisions or factual matters ***that were put before the Court on the underlying motion***." *Fulani v. Brady*, 149 F.R.D. 501, 503 (S.D.N.Y.1993), *aff'd sub nom. Fulani v. Bentsen*, 35 F.3d 49 (2d Cir.1994) (emphasis added). A motion for reconsideration is not an opportunity for the moving party "to argue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996). This standard "is strict, and reconsideration will generally be denied..." *Sass v.*

*MTA Bus Co*., 6 F. Supp. 3d 238, 244 (E.D.N.Y. 2014) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)).

**B.   The CFPB's Failure to File a Reply is not a Basis for Reconsideration**

Here, the CFPB seeks reconsideration of its own failure to file a reply to its Letter Motion. F&G's response made clear to the Court that it opposed the relief requested in the CFPB's Letter Motion to Reopen. F&G suggested that the Court either allow briefing on the issue or stay the matter pending the Supreme Court's decision in *Collins,* which at the time certiorari was still pending. F&G filed its supplement to its response the next day to confirm that certiorari was in fact granted by the Supreme Court and again made the same request to the Court: allow the parties to brief the issue of the CFPB's request to reopen the case, or in the alternative, stay the case and/or allow briefs on that issue as well. The CFPB was put on notice twice that the F&G was seeking a stay based upon the *Collins* case.[1] That F&G asked the Court for briefing on the stay issue in its supplemental response is of little significance and certainly does not provide a legitimate basis for the failure of the CFPB to file a reply.

Further, the excuse provided by the CFPB for failing to file a reply is made of whole cloth. If the Bureau did not understand the relief that F&G was seeking in either response, that is even more reason why the Bureau should have stated its concerns in a reply. The CFPB's claim that it did not want to burden the Court with additional filings because it assumed that the Court would provide a briefing schedule is an illogical assumption. The CFPB clearly opposes F&G's request for a stay and that opposition clearly would not change regardless of whether F&G asked for a briefing schedule. The Bureau chose to file a motion with the Court rather than seek a conference. As the movant, it is it's the CFPB's burden to prove its motion to reopen regardless of the

---

[1] See ECF No. 30 & 31.

opposition presented by F&G. The CFPB's failure to present its case is no basis for reconsideration.

**C.  <u>The Bureau cannot now put forth new Arguments in Support of its Letter Motion</u>**

To cover up its failure to properly argue its motion, as opposed to seeking a conference, the CFPB claims that F&G misled the Court as to the relevance of the *Collins* case. Such claims are without merit and the CFPB's analysis of *Collins* case is equally deficient.

First, the CFPB had every opportunity to argue why the issues in *Collins* were inapplicable for a basis of a stay of proceedings. The Bureau has already admitted that it chose not to file a reply, thus it is now precluded from arguing the merits of the *Collins* case at this time.

F&G's opposition noted that the Supreme Court in *Seila,* "specifically and intentionally stopped short and expressly declined an a 'appropriate remedy' for a party who is a target of an enforcement action that was initiated when the Director was unconstitutionally insulated."[2] This is the crux of F&G's opposition to the CFPB's motion to reopen. F&G argues that *Seila* did little to resolve the issue of the CFPB's authority to continue with its enforcement action in light of the Supreme Court's determination that the Bureau was unconstitutional at the time the action was commenced. The CFPB claims that ratification cures its constitutional deficiency, but F&G disagrees. It is undisputed that *Collins* will not address the specific issue of ratification, rather *Collins* will address the broader and more important issue of what is the appropriate remedy when agency action is taken when it had no constitutional authority to do so. Then, and only then, can the issue of whether the Bureau's ratification is a proper cure to a prior constitutional deficiency.

The Supreme Court could very well decide that a certain remedy is mandated when an

---

[2] ECF No. 30 at p. 2.

agency violates the separation of powers, making the remedy of ratification moot. The Supreme Court could also decide that no specific remedy exists. Either way, the Supreme Court's determination will have a direct and significant impact upon the matter before the Court and provide perspective on whether ratification is a remedy at all.

Further, reconsideration is only appropriate if it can be shown that the court "overlooked controlling decisions or factual matters" that were before it in the prior proceeding. *Fulani*, supra. That did not happen here. The arguments presented by the CFPB were simply not before the Court in the CFPB's Letter Motion filed on July 6, 2020, thus nothing was overlooked by the Court.

Finally, F&G takes great exception to the inference that it misrepresented the issues in *Collins* case to this Court. In its opposition and again in its supplement, F&G recited the questions in the granted certiorari verbatim. F&G never implied or even expressly suggested that the determination of ratification would be decided in *Collins*. Again, the CFPB chose to proceed by way of a motion and to request a conference. Had the CFPB chosen the latter, it would have had the opportunity to argue the distinction between *Collins* and the issues before the Court. Failing to do so, the CFPB cannot now assert that this Court abused its discretion based upon the choice the CFPB made.

## IV.    CONCLUSION

The CFPB has failed to meet its burden for this Court to grant reconsideration under the circumstances. The Bureau has not shown that this Court overlooked controlling law or considered erroneous facts in making its determination the case be stayed, since no such evidence was provided to this Court. The CFPB chose to proceed by way of a motion rather than a conference, and in doing so failed to follow local rules and file a reply within the required time permitted. The CFPB did not put these arguments and issues before the Court at the appropriate time and it is

inappropriate to do so now. This motion for reconsideration is simply a feeble attempt by the CFPB

to cure it of its own error and not one made by this Court. In doing so, they have put forth meritless

arguments that this Court must not consider. For the reasons set forth in this response, the CFPB's

motion for reconsideration must be denied.


Respectfully submitted,


**CLARK HILL PLC**

By:    */s/Joann Needleman*
       Joann Needleman (*ADMITTED PRO HAC
       VICE)*
       One Commerce Square
       2005 Market St, Suite 1000
       Philadelphia, PA 19103
       Tel: (215) 640-8536 Fax: (215) 640-
       8501
       Email: jneedleman@clarkhill.com


Date: August 27, 2020

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

BUREAU OF CONSUMER
FINANCIAL PROTECTION,

                                       Civil Action No. 2:19-cv-02928-SJF-ARL

       Plaintiff,

v.

FORSTER & GARBUS, LLP

                                   **FORSTER & GARBUS, LLP'S**
                                   **RESPONSE TO THE**
       Defendant.                    **PLAINTIFF'S MOTION FOR**
_____   **RECONSIDERATION**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and correct copy of the Defendant's, Forster

& Garbus, LLP, Response to Motion for Reconsideration is being served by electronic service

through the filing of this document electronically through ECF upon all attorneys of record.

Alanna Gayle Buchanan Carbis
Consumer Financial Protection Bureau
Office of Enforcement
1700 G Street, NW
Washington, DC 20552
alanna.carbis@cfpb.gov

                                       Respectfully submitted,
                                        **CLARK HILL PLC**

                                       _/s/ Joann Needleman_
                                       Joann Needleman

  Date: August 27, 2020

7