**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION, <br><br> Plaintiff, <br><br> v. <br><br> FORSTER & GARBUS, LLP, <br><br> Defendant. | **Civil Action No.** <br> 2:19-cv-02928-SFJ-ARL <br><br><br> **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION** |

The Court, which "has wide discretion to grant or deny a motion for reconsideration, . . . including to prevent manifest injustice,"[1] should grant the Bureau's motion for reconsideration and allow this case to move forward.

## ARGUMENT

**A. There is no basis to stay this case pending *Collins*.**

Defendant Forster & Garbus's opposition confirms that there is no basis to keep this enforcement action on hold pending the Supreme Court's resolution of *Collins v. Mnuchin*. As F&G acknowledges, the crux of its opposition to reopening this case is that the Director was unconstitutionally insulated from the President's removal power at the time this action commenced—and, in F&G's view, that problem cannot be remedied by ratification. Opp. at 4.

---

[1] *SEC v. Kontilai*, No. 19CIV4355LGSGWG, 2020 WL 4496764, at *3 (S.D.N.Y. Aug. 4, 2020) (finding it was not "clearly erroneous" for the magistrate judge to grant the SEC's motion for reconsideration and allow further briefing on an issue the SEC had not addressed in the initial briefing) (citations and internal quotation marks omitted); *see also SEC v. Craig Scott Capital, LLC*, No. 16CV4757SJFAYS, 2020 WL 435034, at *3 (E.D.N.Y. Jan. 28, 2020) ("Since the SEC contends, *inter alia*, that reconsideration is necessary because 'a manifest injustice' will result . . . its motion for reconsideration is granted.") (citation omitted).

F&G candidly admits that *Collins* "will not address" this issue. Opp. at 4 ("It is undisputed that *Collins* will not address the specific issue of ratification."). That ends the matter. Because *Collins* does not raise the issue of ratification at the heart of F&G's defense, it provides no basis to stay this case.

F&G nonetheless contends that *Collins* will address the "broader" issue of "what is the appropriate remedy when agency action is taken when it had no constitutional authority to do so." Opp. at 4. But the Supreme Court does not decide such "broad[]" questions in the abstract; rather, it resolves issues in the context of the specific facts before it. And it is highly unlikely that the Court in *Collins* will opine on whether a constitutional problem stemming from an unconstitutional removal restriction can be cured by ratification. After all, the issue of ratification is not presented in *Collins,* and the challenger conceded in the court of appeals that ratification by an official removable by the President at will *could* potentially cure the problem. *See* Bureau Mot. at 3-4.

F&G speculates that the Supreme Court in *Collins* could effectively rule out ratification by announcing a sweeping rule that a single particular remedy is "mandated" no matter the circumstances, or that "no . . . remedy exists." Opp. at 4-5. But such a result would be a significant departure from the Court's usual practice of declining to address hypothetical questions not actually presented by the facts before it. *See, e.g.*, *Chiafalo v. Washington*, 140 S. Ct. 2316, 2328 n.8 (2020) (noting that "nothing in this opinion should be taken" to address particular "situation . . . not before us"); *Advocate Health Care Network v. Stapleton*, 137 S. Ct. 1652, 1657 n.2 (2017) ("Those issues are not before us, and nothing we say in this opinion expresses a view of how they should be resolved."); *Comptroller of Treasury of Md. v. Wynne*, 575 U.S. 542, 135 S. Ct. 1787, 1806 (2015) ("[W]e do not decide the constitutionality of a

2

hypothetical tax scheme that Maryland might adopt because such a scheme is not before us."). Such a far-fetched possibility of a controlling decision provides no basis to stay this case. If a stay were warranted whenever there was a speculative possibility that a pending Supreme Court (or court of appeals) case could be relevant, no case could ever proceed.

**B. Recent decisions by other courts support permitting this case to proceed.**

Since *Seila Law* was decided and the Bureau filed its motion for reconsideration, two courts have issued decisions addressing the Bureau's ratification of pending enforcement actions—and both of those courts have held that, in light of the ratifications, the Bureau's actions could proceed.

First, in *BCFP v. Chou Team Realty LLC*, No. 8:20-cv-00043 (C.D. Cal. Aug. 21, 2020) (filed herewith as Att. A), the court rejected a defendant's argument that the unconstitutional removal restriction meant that the Bureau's ongoing enforcement action had to be dismissed and could not be ratified. Slip op. at 4. The court held that "[a]ny constitutional deficiency regarding the removability issue at the time the Complaint was filed was cured by the Supreme Court severing the removal provision from the rest of the organic statute, coupled with the Director's . . . ratification of the action." *Id.* The same reasoning applies here.

That court further declined to stay the enforcement action pending the Ninth Circuit's resolution of *Seila Law* on remand, even though *Seila Law* presents issues regarding ratification (and will bind that district court). *Id.* at 5. The court explained that a stay was not warranted under the factors established by the Supreme Court in *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936): Staying the case was "not in the public interest" (it would delay relief for consumers and risk evidence becoming stale), and the defendant had not identified "any hardship

3

or inequity" that would support a stay (merely "being required to defend a suit" was not enough). Slip op. at 5. The same holds true here.

Second, in *BCFP v. Law Offices of Crystal Moroney, P.C.*, No. 7:20-cv-03240 (S.D.N.Y. Aug. 19, 2020) (filed herewith as Att. B[2]), the court granted a petition by the Bureau to enforce a civil investigative demand (CID). The Bureau had filed that action before the Supreme Court issued its decision in *Seila Law*, but the Bureau's Director ratified the action after the *Seila Law* ruling confirmed that she is removable at will by the President. That ratification, the court held, cured any defect in the initial filing of the case. The court entered final judgment enforcing the CID, rejecting the respondent's arguments that the Director's ratification was invalid.

As the reasoning of these decisions confirms, this case should not only be reopened, but the Bureau should be permitted to prosecute its claims on the merits.

### C. The Bureau's failure to file an unnecessary reply does not warrant denying its motion for reconsideration.

Finally, reconsideration should not be denied simply because the Bureau did not file a reply on its motion to reopen this case. As the Bureau previously explained (Mot. at 2-3 & n.3), it did not file a reply because it reasonably understood F&G's opposition not to urge the Court to deny the motion to reopen outright, but rather to allow for fuller briefing before deciding. *See* ECF No. 30 at 1; ECF No. 31 at 1. The Bureau saw no need to reply (or confer with Defendant) because it did not oppose such further briefing, and was not confused about Defendant's request for fuller briefing. The Bureau should not now be punished for choosing not to burden the Court with an unnecessary filing.

---

[2] The court ruled from the bench and no transcript of the hearing is yet available. The Bureau will provide a transcript to this Court when undersigned counsel receives it.

4

## CONCLUSION

The Bureau respectfully requests that the Court grant the Bureau's motion for reconsideration and reopen this case. In the alternative, before working a manifest injustice by upholding a stay that could delay this case until July 2021, the Bureau, which has prosecuted this matter diligently, respectfully requests that the Court revisit its decision on the Bureau's motion to reopen after granting Defendant the opportunity to provide the fuller briefing it requested and giving the Bureau an opportunity to respond.

Dated: September 1, 2020              Respectfully submitted,

                                                __/s/Alanna B. Carbis_____
                                                Alanna B. Carbis (admitted *Pro Hac Vice*)
                                                *Senior Litigation Counsel*
                                                Bureau of Consumer Financial Protection
                                                1700 G Street, NW
                                                Washington, DC 20552
                                                Tel: (415) 645-6615
                                                Fax: (415) 844-9788
                                                Alanna.Carbis@cfpb.gov