# CLARK HILL

Steven M. Richman
T  609.785.2911
F  609.785.2971
Email: SRichman@ClarkHill.com

Clark Hill PLC
210 Carnegie Center
Suite 102
Princeton, NJ 08540
T  609.785.2900
F  609.785.2999

830 Third Avenue
Suite 200
New York , NY 10022

**clarkhill.com**
Resident Member
Steven M. Richman, Esq.

March 22, 2021

**(VIA ECF)**
Honorable Sandra J. Feuerstein
The United States District Court
 for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

> Re:  Bureau of Consumer Financial Protection v. Forster & Garbus, LLP, Case No. 2:19-cv-02928-SJF-ARL

Dear Judge Feuerstein:

Clark Hill, PLC represents defendant Forster & Garbus ("F&G") in this matter. We submit this reply letter memorandum of law in response to Plaintiff Consumer Financial Protection Bureau's ("CFPB") letter of March 11, 2021 ("CFPB Letter") [ECF39].

Essentially, and contrary to the assertion in the CFPB Letter's second paragraph, F&B does **not** agree that the Supreme Court in *Collins* is unlikely to address ratification. First, as we noted, the ratification question was addressed specifically by the Fifth Circuit in *Collins v. Mnuchin*, 938 F.3d 553, 562 (5th Cir.

Honorable Sandra J. Feuerstein, U.S.D.J.
March 22, 2021
Page 2

2019), *cert. granted*, 141 S. Ct. 193 (2020); *see also* F&G's letter dated March 11, 2021 [ECF38]. The Court cannot address the second question raised in Collins' petition for certiorari, whether an agency decision must be set aside if rendered when the agency was constitutionally infirm, without deciding the ratification issue. As further noted, three of the justices at oral argument on December 9, 2020, specifically asked about ratification. *See* F&G Letter at 6-8. Justice Gorsuch could not have been clearer: "But what legally, what constitutionally would prohibit ratification?" *Id.* at 7. The response as equally clear, that this was a fundamental issue under the federal Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* Inasmuch as the Plaintiff purported to ratify the decision at issue in this case, it is directly affected by a ruling by the Supreme Court on this point. It is hard to believe that a question that was the focus of questioning by three separate justices would not be addressed one way or the other in the Court's decision.

Plaintiff also refers to F&G's Opposition to Plaintiff's Motion for Reconsideration [ECF33] as an admission that *"Collins* will not address the specific issue of ratification." (CFPB Letter at 1). Plaintiff disingenuously omitted half the sentence and destroyed the context of F&G's point. What F&G actually said was "It is undisputed that Collins will not address the specific issue of ratification, *rather Collins will address the broader and more important issue of what is the appropriate remedy when agency action is taken when it had no constitutional authority to do so.* Then, and only then, can the issue of whether the Bureau's ratification is a proper cure to a prior constitutional deficiency." [ECF33 AT 4] (emphasis supplied).

This means that ratification is one possible remedy the Court in *Collins* is considering as part of the broader set of remedies available. Once that broader question is resolved, of necessity it has direct impact on whether the Plaintiff's ratification here is a proper cure.

Plaintiff bases most of its argument on the alleged "admission" by F&G that *Collins* will not address ratification. It did so by cutting the quotation, referring to part of the sentence and ending it at "ratification," divorcing it from its context. [ECF39 at 1]. The Court will note that contrary to the full quotation above, the CFPB added a period after the word "ratification" to make it look as if the sentence ended there. Later, on page 3 of its letter, it claims that F&G merely "suggested" the *Collins* "might address" the broader issue of remedy. It is a complete distortion

Honorable Sandra J. Feuerstein, U.S.D.J.
March 22, 2021
Page 3

of the point F&G made, namely, that the remedy will be addressed, and that ratification as one specific remedy will not be address on its own.

Given the points made at oral argument, and contrary to the abstract and generic citations that the Court will not decide issues not before it (CFPB Letter at 3-4, ECF39), the issue is very much before the Court and on the mind of at least three justices who commented on it specifically.

The F&G position, that remedies in general and not just ratification specifically, will be addressed, was born out in the Collins brief itself. The issue of ratification is intertwined with what the Court must decide in *Collins*, as specifically argued by Collins in his brief:

> This understanding of the remedies for violations of the President's removal power is confirmed by *Seila Law*. In that case, the petitioner raised the CFPB's unconstitutional structure as a defense to an effort by the agency to enforce a civil investigative demand. After ruling that the petitioner had suffered a redressable injury and that the CFPB was unconstitutionally structured, the Chief Justice went on to address the remedy in a portion of his opinion joined by Justices Alito and Kavanaugh. See 140 S. Ct. at 2207-08. The plurality ultimately decided to remand the case because the Government argued that the civil investigative demand had been "ratified by an Acting Director accountable to the President," and a remand was necessary to address in the first instance "whether this alleged ratification in fact occurred and whether, if so, it is legally sufficient to cure the constitutional defect in the original demand." Id. at 2208. The clear implication of this language is that absent a "legally sufficient cure," the civil investigative demand issued by the unconstitutionally insulated CFPB Director would have to be vacated. Although the Chief Justice only wrote for a plurality on this issue, all nine members of the Court appear to have taken it as a given that a violation of the President's removal power could justify setting aside an unconstitutionally structured agency's investigative demand. See id. at 2219

Honorable Sandra J. Feuerstein, U.S.D.J.
March 22, 2021
Page 4

      (Thomas, J., dissenting in part); id. at 2245 (Kagan, J., concurring in the judgment with respect to severability).

(Patrick J. COLLINS, et al., Petitioners, v. Steven T. MNUCHIN, Secretary of the Treasury, et al.; Steven T. Mnuchin, Secretary of the Treasury, et al., Petitioners, v. Patrick J. Collins, et al., 2020 WL 5731206 (U.S.), 62-63).

      This is the very point that F&G has made. The decision in *Collins* as to remedies will of necessity inform the issue of the appropriateness of ratification as a remedy Ratification will not be the only remedy likely to be resolved.

      As for its second point, regarding whether the Court should issue a stay, the CFPB's entire premise is that the Supreme Court will not consider the matter. It is a false premise. Certainly, F&G cannot guarantee that it will be heard. It can only review the petition for certiorari and the *Collins* brief and the argument, and suggest that it makes little sense to proceed when, in a finite and foreseeable period of time, the Court is likely to rule and put to rest the immediate issue. Nothing in the CFPB letter contradicts the standards or conclusions raised by F&G as to why this Court should stay this matter pending the decision in *Collins*.

      Respectfully submitted,

      CLARK HILL PLC
      *s/Steven M. Richman/*
      Steven M. Richman

Cc:    Counsel of record through ECF.