**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>Plaintiff,<br><br>v.<br><br>FORSTER & GARBUS, LLP,<br><br>Defendant. | **Civil Action No.**<br>2:19-cv-02928-JS-ARL<br><br>**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION** |

Pursuant to Local Rule 6.3, Plaintiff the Consumer Financial Protection Bureau ("Bureau") respectfully moves for reconsideration of the Court's July 16, 2021, minute order denying the Bureau's motion to reopen this case, with leave to renew by September 27, 2021, or within ten days of the Supreme Court's decision on whether to grant certiorari in *RD Legal Funding LLC v. CFPB*, No. 20-1758. Moving for "reconsideration is appropriate when the moving party believes the Court overlooked important matters or controlling decisions that would have influenced the prior decision." *RFE Inv. Partners VI, L.P. v. Jacobs*, No. 03-CV-3530-JS, 2006 WL 8435481, at *2 (E.D.N.Y. Sept. 15, 2006) (internal quotation marks omitted). Reconsideration is warranted here because the parties did not previously brief whether delaying this litigation pending the Supreme Court's decision on RD Legal's certiorari petition would be warranted. It is not.

*RD Legal* itself is proceeding in the district court while the petition for certiorari is pending. Like this case, *RD Legal* involves an enforcement action that the Bureau brought under the leadership of a Director subject to an unconstitutional removal provision. *See CFPB v. RD Legal Funding, LLC*, 828 Fed. Appx. 68 (2d Cir. Oct. 30, 2020). RD Legal argues that that constitutional problem requires the action against it to be dismissed (an argument Defendant in

1

this case has not made in any motion, but has merely suggested it might raise at some future point), and has sought certiorari on that issue. Pet. for Cert. at 1, *RD Legal*, No. 20-1758 (S. Ct.). RD Legal asked both the Second Circuit and the district court to stay proceedings while its petition for certiorari is pending, but both courts denied those requests.[1] The parties have fully briefed RD Legal's motion to dismiss, and some discovery is proceeding in the meantime. *See RD Legal*, No. 1:17-890 (S.D.N.Y.) (ECF Nos. 132, 136, 137, 138).

The Bureau respectfully suggests this case should likewise proceed. It is unlikely to say the least that the Supreme Court will grant certiorari in *RD Legal*. The Second Circuit did not address whether the action could proceed in light of the ratification by a Bureau Director removable at will by the President, leaving that issue for "the district court to consider in the first instance." *RD Legal*, 828 Fed. Appx. at 70. The Supreme Court regularly emphasizes that it is "a court of final review and not first view" and thus ordinarily does "not decide in the first instance issues not decided below." *Zivotofsky v. Clinton*, 566 U.S. 189, 201 (2012) (internal quotation marks omitted). There is no reason to think the Supreme Court will depart from that usual practice in *RD Legal*. Keeping this case closed will therefore not serve judicial economy and instead will only further delay this case that has already been on hold for nearly two years.

Moreover, as this Court has recognized, if "there is 'even a fair possibility that the stay will work damage to someone else,' [a] stay is inappropriate" unless the proponent "mak[es] out a clear case of hardship or inequity in being required to go forward.'" *Galati v. Pharmacia &*

---

[1] *CFPB v. RD Legal Funding, LLC*, No. 18-2743 (2d Cir.) (ECF No. 278) (denying motion to stay mandate); *CFPB v. RD Legal Funding, LLC*, No. 1:17-890, at 3 (S.D.N.Y.) (ECF No. 121) (RD Legal requests that "discovery in this case not proceed until the Court has adjudicated the threshold ratification issue and the propriety of this action"); *id.* at 1 (ECF No. 131) (court approves commencement of discovery). Nor, to date, has any other Bureau enforcement action been stayed to await a decision on RD Legal's petition for certiorari.

*Upjohn Co.*, No. 10-CV-3899-JS, 2011 WL 2470047, at *1 (E.D.N.Y. June 17, 2011) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Here, a continued delay will prejudice the Bureau's and the public's interest in pursuing this law-enforcement action that the Bureau filed more than two years ago, as witnesses' memories fade and evidence becomes stale. And Defendant has not demonstrated any "hardship or inequity in being required to go forward," let alone a strong enough case to outweigh the Bureau's and the public's interest in prompt resolution of the Bureau's claims. Quite the opposite, Defendant agreed this case should be reopened. ECF No. 43 at 3 ("F&G agrees that … this case should be re-opened.").

The Bureau respectfully requests that the Court grant the Bureau's motion for reconsideration and reopen this case.

Dated: July 20, 2021                    Respectfully submitted,


   /s/Alanna B. Carbis
ALANNA B. CARBIS (admitted *Pro Hac Vice*)
*Enforcement Attorney*
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Telephone: 415-645-6615
Facsimile: 202-435-5477
E-mail: Alanna.Carbis@cfpb.gov

3