# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

BUREAU OF CONSUMER
FINANCIAL PROTECTION,

    Plaintiff,

    v.

FORSTER & GARBUS, LLP

    Defendant.

_____

Civil Action No.
2:19-cv-02928-SJF-ARL

## DEFENDANT'S OPPOSITION TO PLANITIFF'S MOTION FOR RECONSIDERATION

    Forster & Garbus, LLP ("FG") objects to Plaintiff's Notice of Motion and Motion for Reconsideration. The principal contention of the motion is that the parties did not brief the issue of the impact of *RD Legal Funding LLC v. CFPB,* No. 20-1758. That is not a sufficient basis for reconsideration.

    On October 15, 2019, Judge Feuerstein closed this case with leave to restore on ten (10) days' notice but in no event later than 4/22/2020, based on the grant of certiorari by the Supreme Court in *CFPB v. Seila Law*, No. 19-7. Following various extensions, after the issuance of the *Seila* decision, plaintiff moved to reopen the case. FG opposed this, based on the pendency of the decision in *Mnuchin v. Collins*, No. 19-563. Unlike the prior joint requests, the motion to

ClarkHill\58331\388042\263534153.v1-7/21/21

reopen on July 6, 2021 was by plaintiff only. On July 9, 2021, FG responded to broaden the issues to be addressed if the case were reopened, particularly in light of the Constitutional issues raised by these cases. After further exchanges and the setting of a conference, the Court on July 16, 2021 then *sua sponte* decided to stay the case pending "the Supreme Court's decision to grant or deny certiorari in RD Legal Funding LLC et al. v. Consumer Financial Protection Bureau et al., No. 20-1758, whichever is earlier. In RD Legal Funding, one of the questions presented is "[w]hether ratification is an appropriate remedy for the separation-of-powers violation identified in Seila Law."

    This is clearly a matter of current and intense interest to the Supreme Court, and of fundamental importance to this Court's subject matter jurisdiction. FG agrees with the Court's appropriate highlighting of the key issue in *RD Legal* and its decision to continue the stay pending that decision, and FG disagrees with the assumption of plaintiff that "it is unlikely to say the least that the Supreme Court will grant certiorari in RD Legal," with absolutely no support for this. There is a split of courts on this issue and enormous prejudice in terms of cost would be involved by FG in litigating a case only to find that the Constitutional predicate is missing. Conversely, there is no prejudice to plaintiff with a continuation of the stay. The Court has inherent authority to issue stays and control the disposition of

cases on its docket. *Range v. 480-486 Broadway, LLC,* 810 F.3d 108, 113 (2d Cir. 2015).

FG opposes the motion for reconsideration and reserves all other rights.

Respectfully submitted,

Dated:  July 22, 2021	By: s/*Steven M. Richman*/

Steven M. Richman, Esq.
Joann Needleman, Esq.
Brad Hughes, Esq.
Clark Hill PLC
210 Carnegie Center
Princeton, NJ 08540
609.785.2911 (Phone)
609.785.2971 (Fax)
srichman@clarkhill.com
Attorneys for Defendant
FORSTER & GARBUS, LLP