**FILED**
**CLERK**

3:33 pm, Jan 18, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bureau of Consumer Financial Protection, | Case No. 2:19-cv-2928 |
| Plaintiff, | |
| v. | **STIPULATED FINAL JUDGMENT AND ORDER** |
| Forster & Garbus, LLP, | |
| Defendant. | |

The Bureau of Consumer Financial Protection (Bureau) commenced this civil action on May 17, 2019, to obtain injunctive and monetary relief and civil penalties from Forster & Garbus, LLP (Defendant). The Complaint alleges that, in connection with its debt-collection activities, Defendant violated § 807(3) and 807(10) of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e(3), (10), and §§ 1031(a) and 1036(a) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a)(1)(A).

The Bureau and Defendant agree to entry of this Stipulated Final Judgment and Order (Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint. (See Joint Mot. & Stip., ECF No. 59.)

# FINDINGS

1.      This Court has jurisdiction over the parties and the subject matter of this action.

2.      Defendant neither admits nor denies the allegations in the Complaint, except as specified in this Order. For purposes of this Order, Defendant admits the facts necessary to establish the Court's jurisdiction over it and the subject matter of this action.

3.      Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

4.      Entry of this Order is in the public interest.

# DEFINITIONS

5.       The following definitions apply to this Order:

   a. "**Charge-off**" means the accounting action taken by a Creditor to remove a Debt from its financial statements by treating it as a loss or expense.

   b. "**Charge-off Balance**" means the amount alleged due on a Debt at the time of Charge-off.

   c. "**Collection Suit**" means any civil action commenced in any court or other tribunal by Defendant against a Consumer for the purpose of collecting any Debt.

   d. "**Consumer**" means any natural person obligated or allegedly obligated to pay any Debt. 12 U.S.C. § 1692a(3).

e. "**Creditor**" means the person that owned a Debt at the date of default giving rise to a cause of action.

f. "**Debt**" means any obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, insurance, or services that are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. ==12 U.S.C. § 1692a(5)==.

g. "**Defendant**" means Forster & Garbus, LLP, and its successors and assigns.

h. "**Effective Date**" means the date on which the Order is entered by the Court.

i. "**Enforcement Director**" means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his or her delegate.

j. "**Originator**" means the person, or that person's successor in interest by way of merger, acquisition, or otherwise, who extended the credit creating a Debt.

k. "**Pending Collection Suit**" means a Collection Suit that was filed prior to the Effective Date that is pending in court as of the Effective Date, including Collection Suits with Stipulations of Settlement where the parties have not entered a stipulation of discontinuance and the court has not entered a judgment pursuant to the terms of the settlement.

l. "**Related Consumer Action**" means a private action by or on behalf of one or more consumers (not limited to Consumers, as defined) or an enforcement action by another

governmental agency brought against Defendant based on substantially the same facts as described in the Complaint.

## CONDUCT PROVISIONS
## I
## Prohibitions Related to Debt-Collection Litigation Activity
**IT IS ORDERED** that:

6.     Defendant and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

a. violating §§ 807(3) and 807(10) of the FDCPA, 15 U.S.C. §§ 1692e(3), 1692e(10), and §§ 1031(a) and 1036(a) of the CFPA, 12 U.S.C. §§ 5531(a), 5536(a);

b. initiating or threatening to initiate a Collection Suit against any Consumer unless Defendant has performed the requirements described in Paragraphs 7 and 8; and

c. moving for judgment in any Pending Collection Suit unless Defendant has performed the requirements described in Paragraphs 7 and 8.

## Affirmative Requirements Related to Debt-Collection Litigation Activity
7.     With respect to each Collection Suit, Defendant must have in its possession the following:

a. if the Debt was from a revolving credit account:

    i.  documentation that the Originator provided to the Consumer about the Debt that, at a minimum, accurately reflects:

        1.  the name of the Originator; and

        2.  the contractual terms and conditions applicable to the Debt;

   ii.  documentation (such as a charge off statement) that the Creditor or Creditor's agent (such as a servicer) provided to the Consumer about the Debt that, at a minimum, accurately reflects:

        1.  the Consumer's name, last known address, and the last four digits of the account number associated with the Debt at the date of Charge-off or default;

        2.  the name of the Creditor;

        3.  the date the Debt was Charged-off; and

        4.  the Charge-off Balance;

  iii.  the most recent monthly statement recording a purchase transaction, last payment, or balance transfer;

   iv.  a statement of the amount sought itemized by:

        1.  the total Charge-off Balance;

        2.  the total amount of interest accrued since Charge-off;

        3.  the total amount of non-interest charges or fees accrued since Charge-off; and

          4. the total amount of payments and credits made on the Debt since Charge-off;

  b. if the Debt was not from a revolving credit account:

        i. documentation that the Originator provided to the Consumer about the Debt that, at a minimum, accurately reflects:

          1. the name of the Originator;

          2. the date the Debt was incurred;

          3. the contractual terms and conditions applicable to the Debt; and

          4. the Consumer's signature evidencing the opening of the account or, if the account did not require the Consumer's signature to be opened, a document, such as an invoice or billing statement, provided to the Consumer by the Originator demonstrating that the Debt was incurred by the Consumer;

        ii. documentation that the Creditor or Creditor's agent (such as a servicer) provided to the Consumer about the Debt that, at a minimum, accurately reflects:

          1. the Consumer's name, last known address, and the last four digits of the account number associated with the Debt at the date of Charge-off or default;

          2. the name of the Creditor; and

          3. the complete transaction history or itemization of the Debt prior to default, including all payments

and credits and all interest, fees, and charges; and

 iii. a statement of the amount sought itemized by:

  1. principal;

  2. finance charge or charges;

  3. fees imposed by the Originator;

  4. collection costs;

  5. attorney's fees;

  6. interest; and

  7. any other fees and charges.

c. if the amount sought is higher than the Charge-off Balance or balance at the time of default, documentation that recovery of the higher amount is authorized by the agreement creating the Debt and any amendments thereto, and is permitted by law;

d. if the party on whose behalf Defendant is initiating a Collection Suit is not the Originator, documentation of the complete chain of assignment from the Originator to the party on whose behalf Defendant is initiating a Collection Suit, including each bill of sale or other document that effectuated a sale or assignment of the Debt, where each document effectuating a sale or assignment includes:

 i. the date on which the Debt was sold or assigned;

 ii. the name of the previous owner of the Debt and the name of the subsequent owner of the Debt;

 iii. the amount due at the time of the sale or assignment of the Debt; and

           iv.  specific reference to the particular Debt being collected upon, which can be done with an exhibit attached to the bill of sale or other document effectuating the sale or assignment of the Debt that lists the particular Debt.

8.    Defendant must ensure that any attorney whose name will appear or has appeared on the complaint in any Collection Suit has:

    a.  reviewed the documentation specified in Paragraph 7 and ensured that the complaint is consistent with that documentation;

    b.  logged into the Consumer's account on Defendant's computerized account management system or any other software that would create an electronic record that the attorney of record has accessed a Consumer's file;

    c.  confirmed based upon methods or means proven to be historically reliable and accurate that the statute of limitations has not run on the Consumer's Debt;

    d.  confirmed based upon methods or means proven to be historically reliable and accurate that the Consumer's Debt was not discharged in bankruptcy or subject to a pending bankruptcy proceeding;

    e.  confirmed based upon methods or means proven to be historically reliable and accurate the Consumer's correct identity and current address to determine the appropriate venue for a Collection Suit; and

    f.  certified in writing or in Defendant's computerized account management system, or any other software program that creates an electronic record, that the initiation of the

Collection Suit complies with Paragraphs 7 and 8 of this Order.

9.      Defendant must ensure that each Pending Collection Suit complies with Paragraphs 7 and 8 by doing the following:

    a.  Defendant cannot move for judgment in any Pending Collection Suit until it has certified its compliance with Paragraphs 7 and 8 for that Collection Suit;

    b.  no later than 60 days after the Effective Date, if Defendant has not certified its compliance with Paragraphs 7 and 8 for a Pending Collection Suit where there has been no Stipulation of Settlement, Defendant must take reasonable measures to stay that Collection Suit; and

    c.  no later than 120 days after the Effective Date, if Defendant has not certified its compliance with Paragraphs 7 and 8 for a Pending Collection Suit (including those Collection Suits with a Stipulation of Settlement), Defendant must file a motion to voluntarily dismiss that Collection Suit.

## Additional Conduct Provisions

10.      In moving for a default judgment in connection with a Collection Suit, Defendant must unless prohibited by law, including New York law, or court rule, tender to the court all the information and documentation that Defendant is required to have in its possession under this Order.

11.      In connection with Collection Suits, Defendant must maintain effective processes, systems, and controls to prohibit the assessment of fees,

expenses, and other charges that are not in accordance with the contractual terms and conditions and applicable law.

**MONETARY PROVISIONS**

**VI**

**Order to Pay Civil Money Penalty**

**IT IS FURTHER ORDERED** that:

12.     Under Section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Complaint, and taking into account Defendant's inability to pay, Defendant must pay a civil money penalty of $100,000 to the Bureau.

13.     Within 10 days of the Effective Date, Defendant must pay $10,000 of the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions. No later than March 1, 2023, Defendant must pay another $20,000 of the civil money penalty to the Bureau or the Bureau's agent in compliance with the Bureau's wiring instructions. No later than April 1, 2023, Defendant must pay another $10,000 of the civil money penalty to the Bureau or the Bureau's agent in compliance with the Bureau's wiring instructions. Every 30 days thereafter, Defendant must pay another $20,000 of the civil money penalty to the Bureau or the Bureau's agent in compliance with the Bureau's wiring instructions until the full amount of the civil money penalty has been paid.

14.     The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

15. Defendant must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendant may not:

    a. claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

    b. seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

16. In the event of any default on Defendant's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

17. Defendant relinquishes all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law and no part of the funds may be returned to Defendant.

18. The facts alleged in the Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Bureau, including in a proceeding to enforce its rights to any payment or monetary judgment under this Order.

19. Under 31 U.S.C. § 7701, Defendant, unless it already has done so, must furnish to the Bureau its taxpayer-identification numbers, which

may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

20.    On the first day of each quarter, Defendant must notify the Enforcement Director in writing of the entry of any final judgment, order, or settlement in a Related Consumer Action during the preceding quarter. That notification must indicate the amount of redress, if any, that Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendant may not argue that Defendant is entitled to, nor may Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Defendant based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

## Effect of Misrepresentation or Omission
## Regarding Financial Condition

21.    The civil money penalty imposed in this Section is expressly premised on the truthfulness, accuracy, and completeness of Defendant's

sworn financial statements and supporting documents submitted to the Bureau on or about May 13, 2022, June 8, 2022, June 23, 2022, August 10, 2022, and September 19, 2022, which Defendant asserts are truthful, accurate, and complete, and which include:

    a.  the tax returns and financial statements of Defendant Forster & Garbus, LLP, including the documents submitted to the Bureau on or about May 13, 2022 and September 19, 2022;

    b.  the sworn financial disclosure form for Defendant Forster & Garbus, LLP, including the attachments, signed on June 4, 2022, and submitted to the Bureau on or about June 8, 2022;

    c.  the tax returns and financial statements of Forster, Garbus, and Garbus, submitted to the Bureau on or about June 23, 2022, and

    d.  the individual tax returns for Ron Forster and Mark Garbus, submitted to the Bureau on or about August 10, 2022.

22.    If upon motion by the Bureau, the Court determines that Defendant has failed to disclose any material asset or that any of its financial statements contain any material misrepresentation or omission, including materially misstating the value of any asset, then, by reason of the violations of law described in the Complaint, and taking into account the factors in 12 U.S.C. § 5565(c)(3), Defendant will be required to pay an additional civil money penalty of $3,000,000, which is the amount of the discount provided to account for Defendant's inability to pay a greater amount in determining the civil money penalty imposed in this Section.

*Provided*, however, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, provided further, that proceedings instituted under this provision would be in addition to, and not in lieu of any other civil or criminal remedies as may be provided by law, including any other proceedings that the Bureau may initiate to enforce this Order.

**COMPLIANCE PROVISIONS**

**III**

**Reporting Requirements**

**IT IS FURTHER ORDERED** that:

23.     Defendant must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendant; or a change in Defendant's name or address. Defendant must provide this notice, if practicable, at least 30 days before the development, but in any case no later than 14 days after the development.

24.     Within 7 days of the Effective Date, Defendant must:

      a.   designate at least one telephone number and email, physical, and postal addresses as points of contact that the Bureau may use to communicate with Defendant;

    b.  identify all businesses for which Defendant is the majority owner, or that Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; and

    c.  describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales.

25.    Defendant must report any change in the information required to be submitted under Paragraph 24 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

26.    Ninety (90) days after the Effective Date, and again one year after the Effective Date, Defendant must submit to the Enforcement Director an accurate written compliance progress report (Compliance Report) sworn to under penalty of perjury, which, at a minimum:

    a.  lists each applicable paragraph and subparagraph of this Order and describes in detail the manner and form in which Defendant has complied with each such paragraph and subparagraph of this Order; and

    b.  attaches a copy of each Order Acknowledgment obtained under Section IV, unless previously submitted to the Bureau.

# IV

## Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED** that:

27.     Within 7 days of the Effective Date, Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

28.     Within 30 days of the Effective Date, Defendant must deliver a copy of this Order to each of its executive officers, as well as to any managers, employees, service providers, or other agents and representatives who have responsibilities related to the subject matter of the Order.

29.     For 5 years from the Effective Date, Defendant must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section III, any future executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order before they assume their responsibilities.

30.     Defendant must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. §§ 7001 *et seq.*, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

31.     Within 90 days of the Effective Date, Defendant must provide the Bureau with a list of all persons and their titles to whom this Order was delivered through that date under Paragraphs 28 and 29 and a copy of all

signed and dated statements acknowledging of receipt of this Order under Paragraph 30.

<h1 style="text-align:center">V</h1>

<h2 style="text-align:center">Recordkeeping</h2>

**IT IS FURTHER ORDERED** that:

32.     Defendant must create, for at least 5 years from the Effective Date, all documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau. Defendant must retain these documents for at least 5 years after creation and make them available to the Bureau upon the Bureau's request.

33.     Defendant must retain:

    a. all complaints initiating Collection Suits;

    b. all documentation and records specified in Paragraphs 7 and 8; and

    c. all consumer complaints or requests related to Collection Suits (whether received directly or indirectly, such as through a third party), and any responses to those complaints or requests.

Defendant must retain these materials for at least 5 years from the Effective Date or 5 years after filing of the respective Collection Suit, whichever is longer, and must make these materials available to the Bureau upon the Bureau's request.

# VI

## Notices

**IT IS FURTHER ORDERED** that:

34.     Unless otherwise directed in writing by the Bureau, Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB v. Forster & Garbus*, Case No. 2:19-cv-2928," and send them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

Assistant Director for Enforcement

Consumer Financial Protection Bureau

ATTENTION: Office of Enforcement

1700 G Street, N.W.

Washington D.C. 20552

# VII

## Compliance Monitoring

**IT IS FURTHER ORDERED** that:

35.     Within 14 days of receipt of a written request from the Bureau, Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; provide sworn testimony; or produce documents.

36.     Defendant must permit Bureau representatives to interview any employee or other person affiliated with Defendant who has agreed to such an interview regarding: (a) this matter; (b) anything related to or associated

with the conduct described the Complaint; or (c) compliance with this Order. The person interviewed may have counsel present.

37.    Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

# VIII
## Transfer or Assignment of Operations
**IT IS FURTHER ORDERED** that:

38.    Should Defendant seek to transfer or assign all or part of its operations that are subject to this Order, Defendant must, as a condition of sale, obtain the written agreement of the transferee or assignee to comply with all applicable provisions of this Order.

# IX
## Retention of Jurisdiction
**IT IS FURTHER ORDERED** that:

39.    The consent motion to enter this final judgment is GRANTED.

40.    The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

**IT IS SO ORDERED**.

DATED this 18th day of January, 2023.

                        _____/s/ JOANNA SEYBERT_____
                              United States District Court Judge